# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 20, 2009 Session

## O'RANE M. CORNISH, SR. v. MARK CALDWELL, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002268-07     Karen R. Williams, Judge**

---

**No. W2008-00600-COA-R3-CV - Filed February 19, 2009**

---

This is an action for wrongful death and loss of consortium.  The trial court dismissed the action upon determining it was filed beyond the one-year statutory limitations period.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

O'Rane M. Cornish, Sr., *Pro se*.

Bradford D. Box and Spencer R. Barnes, Jackson, Tennessee, for the appellee Mark Caldwell.

### MEMORANDUM OPINION[1]

On April 30, 2007, Plaintiff/Appellant O'Rane M. Cornish (Mr. Cornish) filed a complaint for wrongful death and loss of consortium against Defendant/Appellee Mark Caldwell (Mr. Caldwell) in the Circuit Court for Shelby County.[2]  Acting *pro se*, Mr. Cornish asserted that on May 20, 2005, his wife, Aldith S. Townsend Cornish (Mrs. Cornish), was killed instantly in a motor vehicle accident when the vehicle in which she was traveling as a passenger collided with a vehicle operated by Mr. Caldwell.  Mr. Cornish asserted the accident was proximately caused by the

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Although Mr. Cornish's complaint names "Mark Caldwell, et al." as Defendants, it alleges wrongdoing only on the part of Mark Caldwell.

negligence of Mr. Caldwell. He further asserted damages arising from loss of consortium. Mr. Cornish prayed for damages in the amount of $1,250,560 and demanded a jury trial. In June 2007, Mr. Caldwell filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02. Mr. Caldwell asserted Mr. Cornish's action was barred by the one-year statute of limitations provided by Tennessee Code Annotated § 28-3-104 where it was not filed within one-year of the date of the accident and death of Mrs. Cornish. Mr. Caldwell also filed an answer asserting the statute of limitations, denying allegations of negligence, and asserting several defenses, including the doctrine of comparative fault.

In July 2007, Mr. Cornish filed a motion in opposition to Mr. Caldwell's motion to dismiss. In his motion, Mr. Cornish acknowledged that, "all things being equal or normal[,]" the statutory limitations period would have expired on May 20, 2006. He asserted, however, that his complaint was delayed by "external influences over which he had no control, the nefarious acts/actions of individual(s) currently unknown [who] deliberately, willfully with fraudulent intent prevented [him] from the exercise of his rights[.]" Mr. Cornish asserted he was incarcerated in Louisiana from 1995 through April 2006 and was not informed of his wife's death until August 2005; that Mrs. Cornish's death certificate "was villainously falsified to show his wife as 'Divorced' and name of Spouse as 'N/A', as part of a nefarious scheme"; and that he would not have had standing to file a cause of action until March 15, 2007, when, following a petition and complaint filed on May 23, 2006, the chancellor ordered Mrs. Cornish's death certificate to be corrected. Mr. Cornish asserted his cause of action was tolled until the chancellor's order on May 23, 2006. Following a hearing in September 2007, the trial court dismissed Mr. Cornish's action by order entered in January 2008. Mr. Cornish filed a timely notice of appeal to this Court. Following several extensions of time, oral argument on the matter was heard in January 2009.

### *Issue Presented*

The issue presented on appeal by Mr. Cornish, as we perceive and re-word it, is whether the trial court erred by granting Mr. Caldwell's motion to dismiss in light of the extenuating circumstances presented by this case.

### *Standard of Review*

A Rule 12.02(6) motion to dismiss challenges only the legal sufficiency of the complaint itself, and not the strength of the plaintiff's proof. *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (citations omitted). The court must construe the complaint liberally, presuming all facts as alleged by plaintiff to be true and "giving the plaintiff the benefit of all reasonable inferences." It is well-settled that the trial court should not dismiss the complaint for failure to state a claim unless it appears that the plaintiff can prove no facts in support of the claim that would warrant relief. *Id.* "Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (citations omitted). We review the trial court's

award of a Rule 12.02(6) motion to dismiss *de novo*, with no presumption of correctness. *Id.* at 697.

In this case, because the trial court considered evidence beyond the pleadings, we will review the trial court's judgment as an award of summary judgment. *See Adams TV of Memphis v. Comcorp of Tenn.*, 969 S.W.2d 917, 920 (Tenn. Ct. App. 1997). Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

### *Analysis*

Mr. Cornish does not dispute that a wrongful death action generally is subject to a one-year statutory limitations period. Mr. Cornish argues that the limitations period should be tolled, however, because he did not have knowledge of his wife's death until August 2005, and because he would not have had standing until March 15, 2007, when Mrs. Cornish's death certificate was corrected pursuant to an order entered in chancery court. We must disagree with Mr. Cornish's argument for two reasons. First, even assuming Mr. Cornish could not have discovered his wife's death until August 2005, the one-year limitations period would have begun to run upon discovery. Mr. Cornish's complaint, filed April 30, 2007, clearly was filed beyond one year following the asserted date of discovery.

Second, Mr. Cornish draws the legal conclusion that he lacked standing until the trial court issued its order in March 2007, but offers no law in support of his position that an error on a death certificate regarding marital status tolls the statute of limitations. We can think of nothing that would have prevented Mr. Cornish from filing his wrongful death action when he filed his petition to correct Mrs. Cornish's death certificate in chancery court. We note, moreover, that Mr. Cornish did not file his complaint and petition in chancery court until May 23, 2006, more than one year after the unfortunate accident resulting in the death of Mrs. Cornish. We are not insensitive to Mr. Cornish's assertion regarding the error on Mrs. Cornish's death certificate. However, Mr. Cornish clearly and undisputedly knew the cause of his wife's death no later than August 2005, and the death certificate clearly would have been subject to subpoena and correction in a timely-filed lawsuit.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court dismissing Mr. Cornish's action where it was filed beyond the statute of limitations period. Costs of this appeal are taxed to the Appellant, O'Rane M. Cornish, Sr.

_____
DAVID R. FARMER, JUDGE